UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CITY SCHOOL DISTRICT OF THE CITY OF
  BUFFALO,

            Plaintiff,

    -vs-

DARLENE S. and TIMOTHY S.,
  As Parents & Guardians of M.S., an Infant,

           Defendants.

05-CV-0572E(F)

MEMORANDUM

and

ORDER[1]

---

Plaintiff, the City School District of the City of Buffalo ("the District"),

commenced this action on August 11, 2005 against defendants, parents of M.S.

The District is seeking an order annulling and vacating the April 8, 2005 decision

of the State Review Officer ("SRO") of the State Education Department, who

awarded defendants tuition reimbursement for M.S.'s residential program at the

Gow School ("Gow") for the 2004-2005 school year.  Defendants answered on

September 2, 2005 and, on January 26, 2006, moved for an expedited hearing, for

injunctive relief pursuant to the Individuals with Disabilities Education Act

("IDEA"), 20 U.S.C. §1401 *et seq*, and to amend their Answer.  The Court granted

the expedited hearing and the parties appeared before the Court on February 2,

2006 to argue and submit defendants' motion for injunctive relief and to amend

---

[1]This decision may be cited in whole or in any part.

their Answer.   For the reasons set forth below, defendants' motion will be granted.

First, with regards to defendants' motion to amend their Answer, defendants claim that their need for the counterclaim — *viz.*, the injunctive relief sought herein — arose after they filed their Answer.   Rule 15(d) of the Federal Rules of Civil Procedure allows a party, upon motion, "to serve a supplemental pleading setting forth *** events which have happened since the date of the pleading sought to be supplemented."   The District will not be prejudiced by defendants' motion as it is inextricably intertwined with the District's relief sought in this matter and it asserts no reason why defendants should not be granted leave to amend.   Thus, defendants will be granted leave to amend their Answer to assert the counterclaim seeking injunctive relief.   The Court will now address defendants' motion for injunctive relief.

The facts are found as follows and are not in dispute.   M.S. is dyslexic and has been diagnosed as such since he was in second grade.   He is currently sixteen years old and in the ninth grade at Gow in South Wales, N.Y.   Gow is an all-male, private, nonsectarian college preparatory school that offers intensive language remediation of boys with dyslexia and other language-based learning disabilities.   M.S. has been attending Gow since the beginning of the 2004-2005

school year.  Prior to attending Gow, M.S. was enrolled in a public school in the

District.

M.S. began having serious behavioral problems in the 2002-2003 school year

— his first time in eighth grade — and such only deteriorated thereafter.  In

particular, M.S. had attendance and tardiness problems, was non-compliant with

and insubordinate to teachers and administrators, engaged in rude and offensive

behavior and was performing poorly academically.  As dictated by the IDEA, 20

U.S.C. §1414(d), M.S. had an "individualized education program" ("IEP") created

for him most recently in October 2003, the only portion of which is in dispute in

this litigation is that which assigned M.S. to a public school in the District — to

wit, South Park High School.  Defendants disagreed with sending M.S. to public

school and, in February 2004, submitted an application for M.S. to attend Gow.

Gow accepted M.S. in April 2004.

In August 2004, defendants informed the District in writing that they

disagreed with M.S.'s October 2003 IEP and were going to place him in a private

school.  Defendants also demanded special education due process, in which they

sought to have the District pay the Gow tuition for the 2004-2005 school year on

behalf of M.S.  In January 2005, hearings were held before an Impartial Hearing

Officer ("IHO") and a decision was rendered finding, *inter alia*, that Gow was an

appropriate placement for M.S. and that defendants were entitled to Gow's

tuition reimbursement.  The District appealed to the SRO, who, on April 8, 2005,

upheld the IHO's decision.  The District then commenced this action pursuant to

20 U.S.C. §1415(i)(2) seeking review of the SRO's decision and a determination

that defendants have failed to show equitable entitlement to the tuition

reimbursement that they seek.  Defendants now move for injunctive relief

compelling the District to pay defendants' tuition bill from Gow pending the

resolution of this case.

The IDEA provides federal funds to states that demonstrate, *inter alia*, that

they have developed plans to assure that all children with disabilities residing in

the state have a "free appropriate public education" ("FAPE").   20 U.S.C.

§1412(a)(1)(A).  To meet the IDEA requirements, a school district must provide

each child who has a disability with "special education and related services" that

will reasonably enable the child to receive educational benefits.   20 U.S.C.

§1401(8); *Bd. of Educ. of the Hendrick Hudson Cent. Sch. Dist.* v. *Rowley*, 458 U.S.

176, 203-207 (1982).  "The 'centerpiece' of the IDEA's education delivery system

is the *** IEP ***."  *Murphy* v. *Arlington Cent. Sch. Dist. Bd of Educ.*, 297 F.3d 195,

197 (2d Cir. 2002) (citation omitted).

The IDEA provides "procedural safeguards with respect to the *** [FAPE]"

by school districts.  20 U.S.C. §1415(a).  In compliance with these requirements,

New York State has implemented a "two-tier system of administrative review."

*Mackey* v. *Bd. of Educ. for the Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160 (2d Cir. 2004) (citing *Murphy*, at 197, internal quotations omitted).   First, parents dissatisfied with a proposed IEP can request an impartial due process hearing before an IHO.  N.Y. Educ. Law §4404(1); 20 U.S.C. §1415(f).  Second, parties can appeal the IHO's decision to the SRO.   N.Y. Educ. Law §4404(2); 20 U.S.C. §1415(g).  Any party still aggrieved may sue in state or federal court.  20 U.S.C. §1415(i)(2).  "During the pendency of these special education proceedings, unless the school district and the parents agree otherwise, federal and state law require that the child remain in his or her then-current educational placement."  *Mackey*, at 160 (citing 20 U.S.C. §1415(j);[2] 34 C.F.R. §300.514(a); N.Y. Educ. Law §4404(4)(a)).  The issue before the Court is whether M.S.'s "current educational placement" is in a public school — as prescribed by the IEP — or at Gow — as found by the IHO and upheld by the SRO.

The Second Circuit Court of Appeals has addressed this issue and held that "a final administrative decision by a state review board, agreeing with a parent's decision about their child's placement, constitutes a 'placement' within the

---

[2] 20 U.S.C. §1415(j) states:
"Maintenance of current educational placement. Except as provided in subsection (k)(4), during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed."

meaning of the pendent placement provision of the IDEA [, 20 U.S.C. §1415(j)]."

*Bd. of Educ. of the Pawling Cent. Sch. Dist.* v. *Schutz*, 290 F.3d 476, 485 (2d Cir.

2002).  The Second Circuit found that "an administrative decision in favor of the

parents \*\*\* constitute[s] agreement by the State to the change of placement \*\*\*

[and thus] constitute[s] a 'current educational placement.'" *Id.* at 482 (citing *Sch.*

*Comm. of the Town of Burlington* v. *Dep't of Educ.*, 471 U.S. 359, 372 (1985),

internal quotations omitted); *see also* 34 C.F.R. §300.514(c) ("If the decision of a[n]

[IHO] in a due process hearing \*\*\* or a[n] [SRO] in an administrative appeal

agrees with the child's parents that a change of placement is appropriate, that

placement must be treated as an agreement between the State or local agency

and the parents for purposes of [the child remaining in his or her current

educational placement].").  Thus, "once the parents' challenge succeeds, \*\*\*

consent to the private placement is implied by law" and the school district

becomes responsible for maintaining the child in his or her current educational

placement until the dispute with regard to his or her placement is ultimately

resolved. *Schutz*, at 484.

Here, the IHO and SRO found in favor of defendants that Gow was the

correct placement for M.S.  This constitutes an agreement between defendants

and the District and makes Gow the current educational placement. *See Schutz*,

at 484-485 (finding that the decision by the IHO awarding the parents tuition

reimbursement and subsequent affirmation by the SRO "constituted a change in [the child's] current educational placement for purposes of the pendent placement provisions" and ordering the school district to reimburse the parents for the cost of tuition during the pendency of the lawsuit); *see also Murphy*, at 198-201 (holding that the school district is financially responsible for the student's tuition at the private school where the parents challenged the IEP placing the student in public schools and the IHO and SRO found in favor of the parents and awarded them the costs of the student's tuition); *Mackey*, at 163 ("[T]he parties agree that once the SRO rendered a decision ***, there was an agreement changing [the student's] pendency placement from the public school to the private school."). As *Schutz*, *Murphy* and *Mackey* are factually indistinguishable from the case at bar with regard to defendants' pending motion for injunctive relief, the Court will order the District to pay M.S.'s tuition at Gow during the pendency of this action.

The District cites *Burlington* in arguing that defendants unilaterally changed M.S.'s placement and thus "do so at their own financial risk." *Id.* at 373-374. The Supreme Court found that a unilateral change in a child's placement *without the consent* of the school district bars reimbursement. *Ibid*. As explained by the Second Circuit, however, the IHO's and SRO's findings in favor of the parents' change in their child's placement is sufficient to meet the "consent" requirement and thus requires reimbursement. *See Schutz*, at 482 (citing

*Burlington* as support for the holding that an administrative decision in favor of

the parents would amount to an agreement).  Furthermore, the Supreme Court in

*Burlington* stated that the administrative ruling in favor of the parents' change in

their child's placement "would seem to constitute an agreement by the State to

the change of the placement" and that, subsequent to said administrative ruling,

the parents are entitled tuition reimbursement.  *Id.* at 372.  As such, defendants

are entitled to tuition reimbursement for M.S.'s Gow tuition from April 5, 2005

onward until the adjudication of this matter has been completed.

The amount of said tuition appears to be in dispute, as the District claims

that Gow decreased its tuition for M.S. and defendants seek reimbursement for

the full tuition amount.  Defendants, therefore, shall submit to the District by

February 15, 2006 the documentation necessary to establish the exact amount of

tuition due.  The undersigned believes that the parties should be able to resolve

the amount due without Court involvement.  If such is not the case, however, the

parties shall submit papers by February 22, 2006 as to the amount of tuition

reimbursement due and appear before the Court on February 24, 2006 at 3 p.m.

to resolve the dispute.

Accordingly, it is hereby **ORDERED** that defendants' motion to amend their

Answer is granted, that defendants shall file their Amended Answer by February

13, 2006, that defendants' motion for injunctive relief is granted, that the City

School District of the City of Buffalo shall reimburse defendants for M.S.'s Gow

School tuition from April 5, 2005 onward, and that the parties shall determine said

tuition amount by February 22, 2006 or appear before the Court on February 24,

2006 at 3:00 p.m. to determine the tuition amount due.

DATED:     Buffalo, N.Y.

          February 6, 2006


                                        _/s/ John T. Elfvin_____
                                           JOHN T. ELFVIN
                                           S.U.S.D.J.